**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOUSSAINT EDENS SURGIN,<br>Petitioner,<br>v.<br>JOHN TSOUKARIS, *et al.*,<br>Respondents. | Civil Action No. 26-14258 (BRM)<br><br>**MEMORANDUM AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Toussaint Edens Sugrin's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, arguing that he is unlawfully mandatorily detained under 8 U.S.C. § 1225(b). (ECF No. 1.) Respondents filed an answer. (ECF No. 4.)

Petitioner, a citizen of Haiti, entered the United States on May 22, 2021. (ECF No. 4 at 1.) On October 31, 2026, Immigration and Customs Enforcement ("ICE") agents issued Petitioner a Notice to Appear, placing Petitioner in removal proceedings, and detained him pursuant to 8 U.S.C. § 1226(a) on a warrant for arrest. (*Id.*; ECF No. 4-1; ECF No. 4-2.) On the same day, ICE issued Petitioner a Notice of Custody Determination, confirming that Petitioner is detained under § 1226(a) and ordering Petitioner's release on bond. (*Id.*; ECF No. 4-3.) Petitioner acknowledged receipt of the Notice of Custody Determination and requested a custody redetermination before an immigration judge ("IJ"). (*Id.*; ECF No. 4-3; ECF No. 4-4.)

On October 30, 2026, after receiving the above documentation indicating he was detained under 8 U.S.C. § 1226(a), Petitioner filed this Petition arguing he is unlawfully mandatorily

detained under 8 U.S.C. § 1225(b). (*See generally* ECF No. 1.) Respondents filed a response submitting Petitioner is lawfully detained under § 1226(a). (ECF No. 4.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under Section 1226(a), which authorizes the Government to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 36 at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain a non-citizen, the non-citizen may

request a bond hearing before an immigration judge, and to appeal the IJ's decision to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278–79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the non-citizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279. Petitioner has requested a bond hearing.

As Petitioner's Petition seeks his release from custody, arguing that Petitioner is unlawfully detained under § 1225(b) and Respondents have provided documentation showing that Petitioner is lawfully detained under § 1226(a), Petitioner's claims are meritless and the Petition is denied.

Accordingly, and for good cause appearing,

**IT IS** on this 6th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED without prejudice**; it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**